REED R. KATHREIN (State Bar No. 139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

THOMAS M. SOBOL
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
davidn@hbsslaw.com
Attorneys for Plaintiffs

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH JANE JARRETT, NANCY ISENHOWER, AND JEFFREY H. FRANKEL, ) | No. 3:08-cv-02376 MHP |
| ) | |
| Plaintiffs, ) | **JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(F) DISCOVERY PLAN** |
| ) | |
| v. ) | |
| ) | |
| INTERMUNE INC., W. SCOTT HARKONEN AND GENENTECH, INC., ) | |
| ) | |
| Defendants. ) | Action Filed: May 8, 2008 |
| ) | |
| LINDA K. RYBKOSKI, on behalf of herself and others similarly situated, ) | No. 3:08-cv-02916 MHP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERMUNE INC., W. SCOTT HARKONEN AND GENENTECH, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

1    Pursuant to Federal Rule of Civil Procedure 26(f)(2), Local Rule 16-9, the Standing

2  Order for All Judges of the Northern District of California, and the orders of this Court, the parties

3  hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f)

4  Discovery Plan in advance of the September 15, 2008 Case Management Conference.

5  **1.    Jurisdiction and Service**

6    Plaintiffs invoke jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as well as 28

7  U.S.C. § 1331 and 28 U.S.C. § 1367.  The parties agree there are no issues concerning personal

8  jurisdiction and venue.  All parties have been served.

9  **2.    Brief Chronology of the Facts Underlying the Action**

10    Plaintiffs contend that Defendants Genentech, Connetics, InterMune, and Harkonen

11  intended to wrongfully market and promote the drug Actimmune for the treatment of idiopathic

12  pulmonary fibrosis ("IPF"), a fatal lung disease, and other similar diseases despite knowing that the

13  drug was unbeneficial.  Plaintiffs further contend that InterMune and Harkonen fraudulently

14  marketed the drug to physicians and patients by misrepresenting the results of clinical studies to

15  suggest that Actimmune improved survival time in IPF patients.  Plaintiffs identify the following

16  principal factual issues in dispute:  (a) whether Defendants marketed Actimmune for the treatment

17  of IPF or other unproven medical conditions; (b) whether Defendant's improper marketing resulted

18  in increased sales of Actimmune; (c) whether the effects of Defendant's improper marketing

19  persisted, and if so, for how long; and (d) whether consumers and third party payors were harmed

20  by Defendant's misrepresentations.

21    Defendants dispute Plaintiffs' allegations and list of principal facts in dispute, both

22  as a matter of fact and as a matter of law.  In addition, Defendants dispute that items (a), (b), and

23  (c) of Plaintiffs' factual issues are issues to be decided in this case at all.  As pled by Plaintiffs, this

24  case is about whether Plaintiffs took Actimmune for IPF as a result of alleged fraudulent

25  misrepresentations about its effectiveness for that disease (which is the sole basis for Plaintiffs'

26  damages claims), not about whether Defendants InterMune and Harkonen promoted Actimmune

27  off-label.  Furthermore, Defendants dispute that the promotion of Actimmune for the treatment of

28

- 2 -

1   any "other similar disease[]" other than IPF is in dispute in this case because the Complaint

2   contains no allegations concerning the marketing of Actimmune for any disease other than IPF.

3       Defendants identify the following principal factual issues in dispute:  (a) whether

4   any of the Defendants made any actionable representations or misrepresentations to patients or

5   physicians concerning the effectiveness of Actimmune to treat IPF; (b) whether Plaintiffs and/or

6   their prescribing doctors reasonably relied on any of Defendants' alleged representations or

7   misrepresentations in paying for and prescribing Actimmune, respectively, or whether they relied

8   instead on publicly available information provided by unrelated third parties; (c) whether

9   Actimmune had a beneficial impact on Plaintiffs' physical condition; and (d) whether Defendant

10  Genentech had any involvement with the alleged misconduct.  Defendant Genentech contends that

11  it was not involved in the marketing or promotion of Actimmune at the relevant time and did not

12  enter into any agreements to violate federal or state law.

13  **3.    Legal Issues**

14      Plaintiffs have identified the following legal issues as in dispute: (a) whether

15  Defendant's actions constitute a violation of the civil RICO statute; and (b) whether Defendant's

16  actions constitute a violation of various consumer protection statutes.  Significant discovery is

17  needed to further determine the legal and factual issues in dispute.

18      Defendants identify the following legal issues as in dispute:  (a) whether Plaintiffs

19  lack standing to bring any of the asserted claims; (b) whether the statute of limitations bars some or

20  all of Plaintiffs' claims; (c) whether Plaintiffs' allegations fail to state a claim as to each Defendant

21  for violation of the civil RICO statute; and (d) whether Plaintiffs' allegations fail to state a claim as

22  to each Defendant under any or all of their state law causes of action.  These legal defects in

23  Plaintiffs' claims present threshold issues of law on which Defendants intend to file dispositive

24  motions.

25

26

27

28

FED.R.CIV.P. 26(F) DISCOVERY PLAN

**4.    Motions**

There are no prior or pending motions.  In July, Defendants notified the Plaintiffs that they intended to file motions to dismiss the Complaint in its entirety and the parties agreed to a schedule—subsequently ordered by the Court on July 23, 2008—whereby the Case Management Conference would be held on September 15, 2008 and Defendants' motions to dismiss or responsive pleadings would be due on September 22, 2008.  Defendants further advised Plaintiffs that they did not believe that discovery should go forward until the motions to dismiss were decided.  Plaintiffs then advised Defendants that they would be filing an Amended Complaint, but represented that for reasons relating to statutory notice requirements, they could not file it immediately.  So that this would not delay the resolution of the motions to dismiss, Defendants were provided a copy of Plaintiffs' draft Amended Complaint on August 11, 2008.  Plaintiffs stated that they did not intend to change the draft substantively.  Defendants have been working to prepare their motions to dismiss consistent with that draft and the current schedule.  Plaintiffs will file their Amended Complaint on September 19, 2008.  Defendants intend to file the opening briefs of their motions to dismiss on September 22, 2008.  The parties propose that Plaintiffs file their oppositions on October 9, 2008, and Defendants file their replies on October 20, 2008.

**5.    Amendment of Pleadings**

At this time, Plaintiffs intend to seek consolidation of *Jarrett v. InterMune, Inc. et al.* (No. 3:08-cv-02376 MHP) and *Rybkoski v. InterMune, Inc. et al.* (No. 3:08-cv-02916 MHP), as well as *Zurich American Insurance Company v. Genentech, Inc. et al.*, 08-cv-03797, which was related to *Jarrett* and *Rybkoski* on September 5, 2008.  Defendants reserve the right to oppose consolidation.

Plaintiffs have informed Defendants of their intent to amend the existing *Jarrett* and *Rybkoski* complaints to add claims under the consumer protection acts of certain states not included in the original complaint.  In accordance with certain of those consumer protection acts, Plaintiffs sent notice to Defendants and to certain attorneys general regarding their intent to bring claims under those acts.  Defendants reserve the right to challenge the sufficiency of those notices.

FED.R.CIV.P. 26(F) DISCOVERY PLAN

1    Plaintiffs in the *Jarrett* and *Rybkoski* actions will file the amended complaints on September 19,

2    2008.  Plaintiffs have provided Defendants with a draft of the amended complaint that indicates the

3    state statutes Plaintiffs seek to include.

4    **6.        Evidence Preservation**

5                Plaintiffs have discussed the preservation of documents with Defendants and sent a

6    September 4, 2008 letter formalizing their requests for Defendants Genentech and InterMune to

7    preserve evidence relevant to the issues reasonably evident in this action.

8                Defendant InterMune has issued a litigation hold notice to all employees to preserve

9    evidence relevant to the issues reasonably evident in this action.  InterMune's IT department also

10    has taken steps to ensure that any document destruction program and any ongoing erasures of

11    e-mails, voice mails, and other electronically recorded material has ceased.

12                Defendant Genentech has issued a litigation hold notice to all employees who may

13    have documents and electronically stored information relevant to the claims pleaded in this action.

14    Genentech has worked with its IT department to preserve monthly backup media that may contain

15    potentially relevant information dating from before the hold notice was issued.  Although

16    Genentech is in possession of some daily and weekly backup tapes from various time periods

17    before the hold notice, Genentech has sought the agreement of the Plaintiffs that Genentech does

18    not need to preserve those tapes because it is already preserving monthly backup tapes as well as

19    information on its active computer system relevant to the claims pleaded in this action.  Plaintiffs

20    have not yet responded to this proposal.

21                Defendant Harkonen has no evidence within his possession, custody, or control

22    relevant to the issues reasonably evident in this action that would be subject to a duty of

23    preservation.

24                Defendants believe that no documents dated from after December 31, 2005 are

25    relevant to this case, and that their preservation and production obligations should be so limited.

26    The Complaint alleges that Defendants made false statements in the sale and promotion of the drug

27    Actimmune.  By December 31, 2005, however, InterMune had entirely divested its commercial

28                                                    - 5 -

operations and ceased all sales and marketing activity for Actimmune, and Defendant Harkonen was not even employed at InterMune at that time. Indeed, the Complaint does not allege any actionable conduct by any Defendant dating after 2005. Therefore, post-2005 conduct of Defendants cannot be relevant to Plaintiffs' claims. Defendants intend to work with Plaintiffs to try to resolve this disagreement and may ask the Court to address the issue at the September 15, 2008 Case Management Conference.

Plaintiffs disagree with Defendants' contention that post-2005 documents are irrelevant. First, Plaintiffs need access to post 2005 sales and marketing documents in order to test Defendants' claim that no improper marketing occurred during this time period. Second, while the core improper conduct may have occurred prior to 2005, the effects of pharmaceutical marketing persist for years after the fraudulent messages were initially disseminated; as a result, Defendants' internal documentation of sales and revenue generated subsequent to 2005 (but as a result of the improper marketing) are relevant to issues of liability and damages. Third, while certain activities occurred prior to 2005, Defendants may have discussed or otherwise addressed these activities in later writings that may be both discoverable and admissible.

**7.    Disclosures**

Initial disclosures are discussed in item 8(C) below as part of the Discovery Plan.

**8.    Discovery**

    **A.    Discovery Taken to Date**

No discovery has been taken to date.

    **B.    Anticipated Discovery**

The parties anticipate written discovery (including document requests, interrogatories, and requests for admission) as well as deposition discovery. The parties recognize that it may be necessary to engage in some third-party discovery.

FED.R.CIV.P. 26(F) DISCOVERY PLAN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.**    **Discovery Plan Pursuant to Federal Rule of Civil Procedure 26(f)**

**Initial Disclosures (Fed. R. Civ. Proc. 26(f)(3)(A))**

On August 27, 2008, Plaintiffs and Defendants served initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(A).

(a)    **Plaintiffs' Position**

Plaintiffs initial disclosures have complied with the requirements of Federal Rule of Civil Procedure 26(a)(1)(A).[1] Plaintiffs proposed that, without limiting the scope of appropriate initial disclosures by the parties, the parties should make actual production (to the extent feasible) or Rule 26(a)(1)(A)(ii) description by category and location of the following:

(a)    As to the Plaintiffs, initial disclosures shall include disclosure material for (i) all named Plaintiffs, (ii) all persons the Plaintiffs have reason to believe would be named as a putative class representative for any class certification motion, (iii) documents relied on in drafting the complaints, and (iii) a computation of each category of damages under Fed.R.Civ.P. 26(a)(1)(A)(iii) for the proposed class(es).

(b)    As to Defendants, the initial disclosures shall include (i) the production (or identification by title, author, date, description, and bates number) of all documents produced by Defendants to the Department of Justice or any other governmental agencies in connection with the civil and criminal investigations of Defendants InterMune and Harkonen, (ii) All communications between Defendants and government agencies (including subpoenas) in connection with the civil and criminal investigations of Defendants InterMune and Harkonen, (iii) All indexes of documents produced to or withheld from governmental agencies in connection with the civil and criminal investigations of Defendants InterMune and Harkonen, (iv) All communications or documents exchanged between Defendants Genentech, InterMune, and Harkonen relating to the provision in the license agreements requiring Connetics and InterMune to annually provide Genentech with a "description of … planned development and marketing programs" for the next year (*See Jarrett*

---

[1] *See* p. 11, section 11.

FED.R.CIV.P. 26(F) DISCOVERY PLAN

Complaint at ¶ 28), and (v) Documents Defendants may rely on in defending themselves in this action.

(b)    **Defendants' Position**

Defendants' initial disclosures have complied with the requirements of Federal Rule of Civil Procedure 26(a)(1)(A), however, Defendant Harkonen expressly reserved his rights under the Fifth Amendment privilege against self-incrimination in making such disclosures.  Plaintiffs' initial disclosures failed to comply with Rule 26(a)(1)(A)(iii), which requires them to produce documents or other evidentiary material (unless privileged or protected from disclosure) on which their computation of damages is based, including materials bearing on the nature and extent of injuries suffered.  Plaintiffs provided only a single damages figure but did not provide any of these required documents (and have not explained their failure to do so).

**Subjects, Schedule, and Phasing of Discovery (Fed. R. Civ. Proc. 26(f)(3)(B))**

(a)    **Plaintiffs' Position**

Plaintiffs believe discovery is warranted into several topics, including but not limited to the following:  (1) whether Defendants promoted the use of Actimmune for unproven and ineffective uses; (2) whether Defendants marketed Actimmune to physicians for the treatment of IPF; (3) whether the prescriptions of Actimmune for IPF were supported by medical necessity and/or conferred any medical benefit; (4) whether Defendants' marketing and promotion of Actimmune for conditions for which it was not indicated or for which it was ineffective caused an increase in sales and the extent of any such increase; and (5) the relationships among Genentech, Connetics, and InterMune.

Plaintiffs' position is that discovery by the parties should commence immediately following the September 15, 2008 case management conference.  Although this litigation includes requests for class certification, the Plaintiffs may at some point pursue non-certified claims.  There is no just reason for delaying discovery, nor are there judicial economies to be achieved by delay of

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

discovery.  The topics of discovery necessary to support Plaintiffs' motion for class certification are inextricably intertwined with the merits discovery necessary to substantiate Plaintiffs' claims. Plaintiffs assert that Defendants' actions leading to their respective liability in this action are common to all class members and affected Plaintiffs and the proposed class membership uniformly.  Merits discovery is sufficiently intermingled with class discovery and bifurcation would deny Plaintiffs the ability to develop facts in support of their motion.  Merits evidence will assist the Court in evaluating the parties' class certification arguments.  Accordingly, discovery should not be conducted in phases or limited to particular issues, but should be the broad-based discovery provided by Fed.R.Civ.P. 16(b)(1).  Plaintiffs propose that fact discovery close by March 16, 2009.  Plaintiffs reject Defendants' proposal to begin discovery after a ruling on their 12(b)(6) motion and bifurcate class and merits discovery.  First, Plaintiffs have pled civil claims based on InterMune's deferred prosecution agreement.  Second, no meaningful distinction exists between class and merits discovery in this case.

Plaintiffs' position is that Plaintiffs shall serve the first request for production of documents on September 16, 2008.  Defendants shall file the form of response required by Fed.R.Civ.P.34(b)(2) on October 16, 2008.  The parties shall meet and confer regarding the scope of production, objections, and manner of production on or before September 26, 2008.  At the Court's request, the parties shall provide a joint report (or barring complete agreement, areas of agreement and areas of disagreement) regarding the first production on or before September 30, 2008.

(b)     <strong>Defendants' Position</strong>

Defendants believe discovery is warranted into a broad range of topics, particularly as it pertains to Plaintiffs' class allegations, including but not limited to the following:  (1) whether Plaintiffs and/or their prescribing doctors reviewed and relied on any of Defendants' alleged representations in paying for and prescribing Actimmune; (2)  all information about Actimmune of

1    which the Plaintiffs and/or their prescribing doctors were aware, the sources for that information,

2    and the dates on which they became aware of that information; (3)  Plaintiffs' medical histories,

3    including but not limited to the condition for which Plaintiffs' doctors prescribed Actimmune, the

4    time period during which Plaintiffs were prescribed and used Actimmune, and the effects of

5    Actimmune on Plaintiffs; (4)  whether Plaintiffs are adequate and typical representatives of the

6    classes alleged, and whether they meet the other requirements of Federal Rule of Civil Procedure

7    23; and (5)  Plaintiffs' alleged damages.

8              Defendants' position is that no discovery should take place until after the motion to

9    dismiss (to be filed by September 22, 2008) has been decided.  Defendants have compelling

10   arguments why Plaintiffs cannot maintain this case as pleaded, and it would be unduly burdensome

11   to require Defendants to undergo extensive discovery in two separate putative nationwide class

12   actions before the Court determines whether the case should proceed past the pleading stage.

13             If and when discovery begins, it should be structured such that a brief period of

14   class discovery, followed by class certification motions, precedes merits discovery.  The Complaint

15   alleges that, as a result of allegedly false statements about the effectiveness of Actimmune to treat

16   IPF, Plaintiffs were injured by paying for a drug that did not benefit them medically.  Numerous

17   individualized issues—such as whether the class members or their doctors were exposed to or

18   relied on any alleged statements by Defendants, whether Actimmune had any medical benefit for

19   those class members who took it, and whether the named Plaintiffs are typical of the class members

20   in these and other respects—pose significant barriers to class certification in this case.  The

21   propriety of class certification should be decided before Defendants are burdened with broad

22   discovery.  Going forward with class discovery early will allow the case to proceed efficiently to

23   the class certification stage.  Defendants will agree that, absent good cause, they will not seek to re-

24   depose during merits discovery those named Plaintiffs and doctors who are deposed during class

25   discovery, thus avoiding any duplication.  Plaintiffs offer two reasons why discovery should not be

26   bifurcated but neither is persuasive.  First, Plaintiffs state that they "have pled civil claims based on

27   InterMune's deferred prosecution agreement."  It is not clear what this means or why it supports

28                                                   - 10 -

combining class and merits discovery.  Second, Plaintiffs contend that "no meaningful distinction exists between class and merits discovery in this case," but they do not explain why this is so.

Defendants propose that class discovery, if necessary, begin the day after the Court rules on Defendants' motions to dismiss, and conclude within three months, to be followed by a period of three months of merits discovery.  Defendants propose that class certification motions be made at the close of class discovery.

### Electronically Stored Information (Fed. R. Civ. Proc. 26(f)(3)(C))

The parties are negotiating the terms of an appropriate agreement to govern the disclosure and discovery of electronically stored information, including the form or forms in which it should be produced.  If the parties cannot agree, Plaintiffs and Defendants shall each submit reports identifying the areas of agreement and disagreement and shall seek a Court order concerning the production of electronically stored information.

### Issues About Claims of Privilege (Fed. R. Civ. Proc. 26(f)(3)(D))

The parties are negotiating the terms of an appropriate order to govern the inadvertent production of privileged materials.  If the parties cannot agree to the terms of such order, Plaintiffs and Defendants shall each submit reports identifying the areas of agreement and disagreement.

### Modification of the Discovery Rules (Fed. R. Civ. Proc. 26(f)(3)(E))

The parties do not intend to enlarge the discovery limitations imposed by the Federal Rules of Civil Procedure at this time but reserve the right to modify these limitations if it becomes necessary.

### Other Orders (Fed. R. Civ. Proc. 26(f)(3)(F))

(a)      **Defendants' Position**

Defendants believe an order governing the confidentiality of documents is appropriate and intend to seek a properly tailored order in this case.  InterMune continues to sell

Actimmune,[2] and documents concerning these sales contain sensitive and proprietary business information.  In any event, regardless of whether current activities concerning Actimmune are properly at issue in this case (which Defendants dispute), sensitive and proprietary financial and business information from several years ago remains confidential, and distribution of this information would harm Defendants.  Defendants would not object to a protective order covering any sensitive medical information of Plaintiffs.

(b)    **Plaintiffs' Position**

As Defendants have made no showing of need, Plaintiffs do not believe that a protective order is necessary.  (For example, according to Defendants, all marketing of Actimmune ceased four years ago and they have no current involvement with the drug.  If this is true, then there is no need for a protective order.)  The named plaintiffs, however, may produce highly sensitive medical and payment records protected by HIPAA and similar statutes.  For that reason, Plaintiffs intend to seek an appropriate order to govern the production of protected health information only.

\*        \*        \*

If the parties cannot agree to the terms of such order, Plaintiffs and Defendants shall each submit reports identifying the areas of agreement and disagreement.

**9.    Class Certification**

**A.    Plaintiffs' Position**

Plaintiffs propose that they will move for Class Certification pursuant to Fed.R.Civ.P. 23(b)(3) by November 1, 2008, and that Defendants will respond by December 1, 2008.  Pursuant to Local Rule 16-9(b), Plaintiffs provide the following additional information concerning this putative class action.  Plaintiffs have defined the class as:

> All individuals and entities in the United States and its territories
> who, for purposes other than resale, purchased, reimbursed, and/or

---

[2] Contrary to Plaintiffs' statement below, Defendants never told Plaintiffs that "they have no current involvement with the drug."

- 12 -

FED.R.CIV.P. 26(F) DISCOVERY PLAN

paid for ACTIMMUNE for the treatment of IPF during the period from May 5, 1998 through the present.  For purposes of the Class definition, individuals and entities purchased ACTIMMUNE if they paid for some or all of the purchase price.[3]

Plaintiffs assert that they are entitled to maintain these actions under Fed.R.Civ.P. 23(a) and 23(b)(3).  The Class consists of numerous individuals and entities throughout the United States, making individual joinder impracticable.  The factual and legal bases of each Defendant's misconduct are common to the class members and predominate, and represent a common thread of fraud and other illegal misconduct resulting in injury to plaintiff and member of the class.  The claims of the representative plaintiff are typical of the claims of the Class.

**B.    Defendants' Position**

For the reasons expressed above, Defendants propose that class certification motions should follow a brief period of class discovery that begins after the Court decides the motions to dismiss.  Defendants dispute Plaintiffs' class allegations, both as a matter of fact and as a matter of law.  For example, Defendants believe that each Plaintiff's unique circumstances regarding why they were prescribed Actimmune, what information was reviewed and relied on in making that decision, what effect it had on the Plaintiff, and what, if any, damages were sustained by each Plaintiff, will preclude certification of a class here.

**10.    Related Cases**

Two cases, *Jarrett v. InterMune, Inc. et al.* (No. 3:08-cv-02376 MHP) and *Rybkoski v. InterMune, Inc. et al.* (No. 3:08-cv-02916 MHP), have been related and are proceeding before this Court on the same schedule.  A third case, *Zurich American Insurance Co. v. Genentech, Inc. et al.* (No. 08-cv-3797 MMC), was filed on August 8, 2008, and on September 5, 2008, the action was related to the *Jarrett* and *Rybkoski* actions.

---

[3] Excluded from the Class are (a) each Defendant and any entity in which any Defendant has a controlling interest, and their legal representatives, officers, directors, assignees and successors; (b) any co-conspirators; and (c) any governmental entities who purchased or paid for such drugs during the Class Period and participated in the governmental settlement.  *See* Complaint.

**11.     Relief**

Plaintiffs seek relief for the following causes of action: (1) violation of 18 U.S.C. § 1962(c) against Defendants Harkonen and InterMune, Inc., (2) violation of 18 U.S.C. § 1962(d) against all defendants, (3) violation of California Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq.* against all Defendants, (4) violation of other State Consumer Protection Statutes (as enumerated in the Complaint) against all Defendants, and (5) unjust enrichment against all defendants.

Plaintiffs have prepared a preliminary estimate of damages to the class during the class period on the basis of information currently available. This preliminary estimate must be refined on the basis of quantitative and other information exclusively in the possession of Defendants that will be the subject of discovery. Nevertheless, on the basis of the preliminary estimate, Plaintiffs' counsel are informed and believe that the damages to the class are likely to far exceed $300 million (which amount is, among other things, exclusive of public payment for Actimmune outside the class and payment for scientifically proven purposes).

Defendants dispute that Plaintiffs are entitled to any relief in this case. Furthermore, in addition to Plaintiffs' failure to produce documents or other evidentiary material on which their computation of damages is based (as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii)), Plaintiffs' statement here does not comply with this Court's Standing Order concerning the contents of this Joint Case Management Statement, which requires "a description of the bases on which damages are calculated." (*See* Standing Order § 11.) Until Plaintiffs provide Defendants with some idea of (or support for) the basis for their damages figure, Defendants are unable to present a position as to the bases on which damages should be calculated in the event liability is established.

**12.     Settlement and ADR**

No ADR efforts have occurred to date. The parties have elected to pursue private mediation. The parties have agreed to defer proceeding with private mediation until after the motions to dismiss have been decided. All parties have filed the requisite ADR certifications.

- 14 -

FED.R.CIV.P. 26(F) DISCOVERY PLAN

**13.    Consent to Magistrate Judge for All Purposes**

        The parties do not consent to have a Magistrate Judge conduct future proceedings.

**14.    Other References**

        The parties do not believe the case is appropriate for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation (as there are no other similar cases filed in other jurisdictions at this time).

**15.    Narrowing of Issues**

        **A.    Plaintiffs' Position**

        Plaintiffs maintain that to expedite discovery, InterMune should produce the documents currently in their possession that were produced to government agencies in conjunction with previous civil and criminal investigations.  Documents relevant to Plaintiffs' claims have already been identified, analyzed, and produced in conjunction with these investigations, and producing these documents to Plaintiffs imposes no burden on Defendants.  There is no legitimate reason, given that the work has already been done, to delay discovery.  Given the existence of a universe of documents that have direct bearing on Plaintiffs' claims, Plaintiffs believe that their discovery schedule is both appropriate and attainable.  Plaintiffs, as stated above, will not agree to limit discovery to pre-2005 documents.

        **B.    Defendants' Position**

        Defendants believe that many threshold legal issues, such as those that will be addressed in their motions to dismiss and in class certification motions, can be narrowed or eliminated by motion.  Defendants request that the issue of class certification be decided before the merits of Plaintiffs' underlying claims as a way of narrowing the issues in a timely manner.

        Defendants believe it may be possible to narrow by agreement the time frame of discovery, if Plaintiffs agree to Defendants' proposal to limit the preservation and production of documents to those dated prior to December 31, 2005, which is later than any of the misconduct of any Defendant alleged by Plaintiffs, and which is the last date on which InterMune could conceivably have conducted any sales or marketing activities with respect to Actimmune.  Finally,

it is too early for Defendants to be able to offer useful suggestions regarding expediting the presentation of evidence at trial.

As to Plaintiffs' contention that InterMune should produce documents previously produced to the government, this does not make sense.  These documents were produced to the government in a criminal proceeding in response to specific categories in a subpoena and are not necessarily relevant to the claims and defenses in this case.  Prior to any production of these documents in this case, they will need to be reviewed for relevance and other purposes.

**16.     Expedited Schedule**

The parties do not believe this case can be handled on an expedited schedule with streamlined procedures.

**17.     Scheduling**

Plaintiffs propose the following schedule:

| Event | Plaintiffs' Proposal |
|---|---|
| Parties' Initial Disclosures | August 27, 2008 |
| Parties' Proposed Confidentiality and/or Preservation Orders (or Separate Statements) | September 1, 2008 |
| Case Management Conference | September 15, 2008 |
| Discovery Opens- Plaintiffs file First Requests for Production | September 16, 2008 |
| Plaintiffs file amended *Jarrett* and *Rybkoski* Complaints | September 19, 2008 |
| Defendants' Answer/Responsive Pleadings to Amended Complaints | September 22, 2008 |
| Parties meet and confer concerning Plaintiffs' First Request For Production of Documents | September 26, 2008 |
| Parties' Joint Report on Plaintiffs' First Request for Production of Documents | September 30, 2008 |
| Plaintiffs' Opposition to | October 9, 2008 |

FED.R.CIV.P. 26(F) DISCOVERY PLAN

- 16 -

| | |
|---|---|
| Rule 12(b)(6) Motion (if any) | |
| Defendants' Response to Plaintiffs' First Request for Production of Documents | October 16, 2008 |
| Defendants' Reply to Opposition to Rule 12(b)(6) Motion (if any) | October 20, 2008 |
| Plaintiffs' File Rule 23 Class Certification Motion | November 1, 2008 |
| All Written Discovery to be Served | November 30, 2008 |
| Defendants' Opposition to Class Certification | December 1, 2008 |
| Commencement of Class Discovery | N/A |
| Plaintiffs' Reply to Class Certification Opposition | December 15, 2008 |
| Close of Third-Party Discovery | January 16, 2009 |
| Close of Class Discovery; Commencement of Merits Fact Discovery | N/A |
| All responses to all Written Discovery to be served | March 16, 2009 |
| Close of Discovery - Parties File Written Status Reports on Discovery (to identify any remaining discovery issues) | March 30, 2009 |
| Close of Merits Fact Discovery | N/A |
| Plaintiffs' Expert Reports | March 30, 2009 |
| Defendants' Expert Reports | April 27, 2009 |
| Plaintiffs' Rebuttal Expert Reports | May 18, 2009 |
| All Expert Depositions Completed | May 25, 2009 |
| Parties file Dispositive and Daubert Motions | June 1, 2009 |
| Opposition to Dispositive and Daubert Motions | June 29, 2009 |
| Reply to Opposition to Dispositive and Daubert Motions | July 20, 2009 |
| Pre-Trial | August, 2009 |

FED.R.CIV.P. 26(F) DISCOVERY PLAN

| Jury Trial (approximately three weeks) | September, 2009 |

Defendants propose the following schedule:

| Event | Defendants' Proposal |
| --- | --- |
| Parties' Initial Disclosures | August 27, 2008 |
| Case Management Conference | September 15, 2008 |
| Plaintiffs file Amended *Jarrett* and *Rybkoski* Complaints | September 19, 2008 |
| Defendants' Responsive Pleadings to the Complaints | September 22, 2008 |
| Plaintiffs' Opposition to Rule 12(b)(6) Motions | October 9, 2008 |
| Defendants' Reply Briefs to Oppositions to Rule 12(b)(6) Motions | October 20, 2008 |
| Commencement of Class Discovery | Date of Ruling on Rule 12(b)(6) Motion (est. Dec. 1, 2008)* |
| Close of Class Discovery; Plaintiffs File Rule 23 Class Certification motion; Commencement of Merits Fact Discovery | February 27, 2009 |
| Defendants' Opposition to Class Certification | March 30, 2009 |
| Plaintiffs' Reply to Class Certification Opposition | April 13, 2009 |
| Close of Merits Fact Discovery | May 29, 2009 |
| Plaintiffs' Merits Expert | June 12, 2009 |

FED.R.CIV.P. 26(F) DISCOVERY PLAN

| | |
|---|---|
| Reports | |
| Defendants' Merits Expert Reports | July 10, 2009 |
| Plaintiffs' Merits Rebuttal Reports | July 31, 2009 |
| All Expert Depositions Completed | August 28, 2009 |
| Parties File Dispositive and Daubert Motions | September 11, 2009 |
| Opposing Party(ies) Opposition to Dispositive and Daubert Motions | October 9, 2009 |
| Reply to Opposition to Dispositive and Daubert Motions | October 30, 2009 |
| Pre-Trial | November 2009 |
| Jury Trial (approximately three weeks) | December 2009 |

\*All subsequent proposed deadlines adjust accordingly from the actual date of the Court's ruling on the Rule 12(b)(6) Motion.

Defendant Harkonen cannot take a position as to the appropriateness of the co-Defendants' proposed schedule prior to the Status Conference in the criminal matter on September 15, 2008. Any dates set in this matter may overlap or conflict with dates set in the pending criminal case at the Status Conference or otherwise affect Harkonen's rights in relation to the criminal case.

**18.    Trial**

Although it is too early to provide any accurate estimation of the length of a trial at this point, the parties presently believe that any such trial would last no more than three weeks and quite possibly less.  Plaintiffs have demanded a jury trial.

FED.R.CIV.P. 26(F) DISCOVERY PLAN

**19.**     **Disclosure of Non-Party Interested Entities or Persons**

All parties have filed the "Certification of Interested Entities of Persons" required by Civil Local Rule 3-16. Defendant Genentech stated that it is a public company whose common stock is publicly traded. Genentech further stated that Roche Holdings, Inc. owns more than 10% of Genentech stock and that Roche Holdings, Inc. is owned by Roche Holding Ltd. Plaintiffs and Defendants InterMune and Harkonen did not identify any interested entities or persons other than the named Defendants.

Dated: September 5, 2008

By:  __/s/ David S. Nalven_____

Reed R. Kathrein
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

Thomas M. Sobol
David S. Nalven
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, Fourth Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
davidn@hbsslaw.com
kristenj@hbsslaw.com

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Lance A. Harke
HARKE & CLASBY LLP
155 South Miami Avenue, Suite 600
Miami, FL 33130
Telephone:  (305) 536-8220

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Douglass A. Kreis
AYLSTOCK, WITKIN, KREIS
& OVERHOLTZ, PLLC
603 North Palafox Street
Pensacola, FL 32501
Telephone: (850) 916-7450

Mark J. Tamblyn (SBN 179272)
WEXLER TORISEVA WALLACE LLP
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890
mjt@wtwlaw.com

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER TORISEVA WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, Ilinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0088
kaw@wtwlaw. Com
jfc@wtwlaw.com

Attorneys for Plaintiffs


By:   /s/ Erin C. Smith

Simon J. Frankel
Erin C. Smith
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:  (415) 591-6000

Ethan M. Posner
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone:  (202) 662-5317

Attorneys for Defendant InterMune, Inc.

By:  /s/ Tania M. Mortensen

FED.R.CIV.P. 26(F) DISCOVERY PLAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

William M. Goodman
Tania M. Mortensen
KASOWITZ, BENSON, TORRES & FRIEDMAN
LLP
101 California Street, Suite 2050
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030
wgoodman@kasowitz.com
tmortensen@kasowitz.com

Attorneys for Defendant W. Scott Harkonen

By: _/s/ Jessamyn S. Berniker_____

Jeffrey G. Knowles (State Bar No. 129754)
ef-jgk@cpdb.com
Conor P. Moore (State Bar No. 230079)
ef-cpm@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
(415) 391-4800
(415) 989-1663 (Facsimile)

Gerson A. Zweifach (*pro hac vice*)
gzweifach@wc.com
Jessamyn S. Berniker (*pro hac vice*)
jberniker@wc.com
Richard S. Scott (*pro hac vice*)
rscott@wc.com
George W. Hicks, Jr. (*pro hac vice*)
ghicks@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000
(202) 434-5029 (Facsimile)

Attorneys for Defendant Genentech, Inc.

FED.R.CIV.P. 26(F) DISCOVERY PLAN