| | |
|---|---|
| 1 | Reed R. Kathrein (State Bar No. 139304) |
| | reed@hbsslaw.com |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 715 Hearst Avenue, Suite 202 |
| 3 | Berkeley, CA  94710 |
| | Telephone:  (510) 725-3000 |
| 4 | Facsimile:  (510) 725-3001 |
| 5 | |
| | *Attorneys for Plaintiffs* |
| 6 | [Additional counsel listed on signature page] |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEBORAH JANE JARRETT, NANCY ISENHOWER, AND JEFFREY H. FRANKEL, | ) ) ) ) | **STIPULATION AND [PROPOSED] ORDER FOR THE INTERIM PRESERVATION OF POTENTIALLY DISCOVERABLE INFORMATION** |
| Plaintiffs, | ) ) | |
| v. | ) ) | THIS DOCUMENT RELATES TO: |
| INTERMUNE INC., W. SCOTT HARKONEN AND GENENTECH, INC., | ) ) ) | Case No.  3:08-cv-02376-MHP |
| Defendants. | ) ) | Judge Marilyn H. Patel |
| LINDA K. RYBKOSKI, on behalf of herself and others similarly situated, | ) ) ) | Case No. 3:08-cv-02916-MHP |
| Plaintiff, | ) ) | Judge Marilyn H. Patel |
| v. | ) ) | |
| INTERMUNE, INC., W. SCOTT HARKONEN, AND GENENTECH, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | Case No. 3:08-cv-3797-MHP |
| Plaintiff, | ) ) | Judge Marilyn H. Patel |
| v. | ) ) | |
| GENENTECH, INC., INTERMUNE, INC., and W. SCOTT HARKONEN, | ) ) ) ) | |
| Defendants. | ) ) | |

Case Nos. 3:08-cv-02376-MHP, 3:08-cv-02916-MHP, and 3:08-cv-3797-MHP
STIPULATION AND ORDER FOR THE INTERIM PRESERVATION
OF POTENTIALLY DISCOVERABLE INFORMATION

1    Plaintiffs Deborah Jane Jarrett, Nancy Isenhower, Jeffrey H. Frankel, Linda K. Rybkoski,
2    and Zurich American Insurance Company (collectively, "Plaintiffs"), and Defendants Genentech,
3    Inc., InterMune, Inc. and W. Scott Harkonen (collectively, "Defendants"), by their undersigned
4    counsel (collectively "the Parties"), hereby stipulate to the interim preservation of Potentially
5    Discoverable Information as follows:
6    WHEREAS the Parties participated in a Case Management Conference on September 15,
7    2008, during which the Court instructed the Parties, within fourteen days of the Conference, or
8    by September 29, 2008, to submit a stipulation for preservation of documents until at least the
9    December 8, 2008 hearing on the motions to dismiss or a date subsequently established by the
10   Court or the Parties;
11   It is hereby ORDERED and AGREED that:

**A.  Definitions**

13   1.  "Party" or "Parties" means individually or collectively (depending on usage of term): Genentech, Inc., InterMune, Inc., W. Scott Harkonen, and Plaintiffs Deborah Jane Jarrett, Nancy Isenhower, Jeffrey H. Frankel, Linda K. Rybkoski, and Zurich American Insurance Company.

17   2.  "Corporate Parties" means all Parties that are not individuals.

18   3.  "This Litigation" means the above-captioned civil actions, previously deemed by the Court to be related.  When and if any other actions subsequently filed are determined by the Court *sua sponte* or on motion by any existing or newly added Party to be related to the above-captioned actions, Plaintiffs agree to notify those new plaintiff(s) of the existence of this Order and seek their agreement to its terms.

24   4.  "Potentially Discoverable Information" means documents and/or means electronically stored information ("ESI"), as those terms are used in Fed. R. Civ. P. 34(a), and Meta-Data to the extent it exists, that the Parties have a duty to preserve and/or know or reasonably should know are relevant to the claims and defenses of the Litigation.  "Potentially Discoverable

2

Information" includes all documents and/or ESI that are in existence at the time this Order is entered, as well as those documents or ESI which are created after the date of this Order.

5. "Native File(s)" means ESI in the electronic format of the application in which such ESI is normally created, viewed and/or modified. Native Files are a subset of ESI.

6. "Meta-Data" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. Meta-Data is a subset of ESI.

7. "Backup Systems" means computer systems that periodically store electronic information on tapes or comparable media.

8. "Backup Tapes" means magnetic tapes or other electronic media used to store copies of electronic data, for use when restoration or recovery of data is required.

9. "Preservation" and "Preserve" each mean taking all reasonable steps to prevent the partial or full destruction, deletion, or alteration of Potentially Discoverable Information and assure its availability for use in the Litigation.

10. "Relevant Time Period" means from January 1, 1998 until a date in the future that will be fixed by the parties or the Court.

B. **Instructions and Guidelines for Preservation:**

Each Party shall comply with the following instructions and guidelines with respect to the implementation of the preservation procedures and protocols set forth herein:

1. This Order pertains to all Potentially Discoverable Information created during the Relevant Time Period.

2. The Parties shall Preserve Potentially Discoverable Information.

3. Each Party must ensure reasonable safeguarding and preservation of all portable or removable electronic storage media containing potentially relevant Potentially Discoverable Information.

4. Each Party shall maintain all current or legacy software and hardware necessary to access, manipulate, and print Potentially Discoverable Information.

5. Each Party shall notify relevant persons of this Preservation Order, including but not limited those listed below:

    a. Each individual named as a Plaintiff or Defendant;

    b. Persons employed by a Party or agents of that Party which that Party knows or reasonably should know have Potentially Discoverable Information;

    c. Each Corporate Party's IT personnel/director of network services;

    d. Each Corporate Party's custodian of records.

6. In addition to the obligations contained in Paragraph B.5 above, each Party shall notify any person or entity over whom that Party has control and can reasonably identify, and whom that Party knows or reasonably should know has Potentially Discoverable Information, of the existence of this Litigation.

7. The Corporate Parties are obligated to ensure and monitor compliance with this Order, by:

    a. internally identifying a contact person who will address questions regarding preservation duties;

    b. determining whether data of "key persons" requires special handling (e.g., imaging/cloning hard drives); and

4

Case Nos. 3:08-cv-02376-MHP, 3:08-cv-02916-MHP, and 3:08-cv-3797-MHP
STIPULATION AND ORDER FOR THE INTERIM PRESERVATION
OF POTENTIALLY DISCOVERABLE INFORMATION

        c.    issuing reminders with a frequency that each Corporate Party believes in good faith to be appropriate, that the litigation hold is still in effect.

8. This Order does not obligate the Parties to segregate such Potentially Discoverable Information from other records on the computer backup medium where they reside.

9. Each Party shall bear its own costs for complying with this Order. This is without prejudice to any Party taking a different position on cost-shifting once discovery commences.

**C.     Manner of Preserving Different Types of Documents**

The Parties shall take reasonable steps to Preserve, in accordance with the following specifications, the following types of Potentially Discoverable Information in the manner(s) specified below:

1. **Paper Records**: For Potentially Discoverable Information maintained in the normal course of business in paper form, the Parties may retain paper Potentially Discoverable Information in either their original form or in a single-page TIFF or PDF format.

2. **Electronic Mail**: For electronic mail, at least one copy of all Potentially Discoverable Information in their native format, including any attachments, located in the e-mail server(s) and on personal computers. If this is not reasonably possible, upon notification to all Parties, a Party may retain electronic mail in single page TIFF or PDF format with all file data and Meta-Data that exists.

3. **Electronic Data and Files on Computer Systems Saved to Networks**: For all ESI maintained on a network in the custody and control of the Party, at least one copy of all such Potentially Discoverable Information in their native format. If this is not reasonably possible, upon notification to all parties, a Party may retain electronic Potentially Discoverable

5

Case Nos. 3:08-cv-02376-MHP, 3:08-cv-02916-MHP, and 3:08-cv-3797-MHP
STIPULATION AND ORDER FOR THE INTERIM PRESERVATION
OF POTENTIALLY DISCOVERABLE INFORMATION

1   Information in single page TIFF or PDF format with all file data and Meta-Data that exists.

    4. **Electronic Data on Computers Not Saved to Networks**: For all electronic Potentially Discoverable Information (other than electronic mail Potentially Discoverable Information) maintained on a non-networked computer system where such Potentially Discoverable Information are not saved to a network, at least one copy of all final versions of all such Potentially Discoverable Information in their native format. If this is not reasonably possible, upon notification to all Parties, a Party may retain such electronic Potentially Discoverable Information in single page TIFF or PDF format with all file data and Meta-Data that exists.

   **D.** **Identified Documents to be Preserved**

In addition to the obligation set forth in Section B(2) of this Order, Defendants shall preserve all documents produced or provided to any party in *United States v. InterMune, Inc.*, Case No. 06-CR-0707 (N.D. Cal.) and *United States v. Harkonen*, Case No. 08-CR-0164 (N.D. Cal.) ("the Government Production"), along with all subpoenas, correspondence, and indices concerning those documents. The Government Production shall be preserved in the same manner and format as it was produced to the Government, except that InterMune may, pursuant to this Court's order at the September 15, 2008 Case Management Conference, index those documents.

   **E.** **Records Not Required to be Preserved**

Any records not specified above as Potentially Discoverable Information are not required to be preserved under this Order. By a way of example, and without limiting the preceding sentence, the Parties have no obligation to preserve the following:

    1. Disaster recovery files or tapes, unless the disaster recovery files and tapes are known to be the only source of the Potentially Discoverable Information;

    2. Duplicative data records, including replicant data, embedded data, cache files, cookie files, and temporary files;

6

Case Nos. 3:08-cv-02376-MHP, 3:08-cv-02916-MHP, and 3:08-cv-3797-MHP
STIPULATION AND ORDER FOR THE INTERIM PRESERVATION
OF POTENTIALLY DISCOVERABLE INFORMATION

        3.        Backup Tapes or other information stored in its Backup System as long as a Party has employed one of the means of preserving electronic Potentially Discoverable Information as discussed above. The Parties may recycle, erase, reuse, delete, purge or otherwise destroy these Backup Tapes and other information stored in their Backup Systems, as long as a Party has employed one of the means of preserving electronic Potentially Discoverable Information as discussed above.

        4.        A Party may continue to comply with any current corporate or internal preservation and retention policies which have been enacted prior to the date this Order is entered as long as those actions do not contradict or inhibit the items provided herein.  In any situation where the actions outlined in a pre-existing corporate or internal preservation and retention policy conflict with the items described within this Stipulation, this Stipulation shall control.

        5.        The Parties collectively may, without leave of Court, agree in writing that certain documents or categories of documents or evidence need not be preserved in accordance with this Stipulation. If such an agreement is reached, it is effective upon signing by counsel for Plaintiffs and counsel for Defendants without further order of Court.

**F.** **No Waiver**

By agreeing to Preserve all Potentially Discoverable Information in accordance with the terms of this Stipulation, the Parties are not waiving any objection to the ultimate discoverability or admissibility of such information at such point when discovery is ultimately authorized in this Litigation. Further, nothing in this stipulation should be construed to override the terms of Federal Rule of Civil Procedure 37(e).

7

| | |
|---|---|
| 1 | Dated:  September 29, 2008                                   Respectfully submitted, |

By: /s/ Simon J. Frankel
    Simon J. Frankel
    sfrankel@cov.com
    Erin C. Smith
    esmith@cov.com
    Covington & Burling LLP
    One Front Street
    San Francisco, CA  94111
    Telephone:  (415) 591-6000

    Ethan M. Posner
    eposner@cov.com
    Covington & Burling LLP
    1201 Pennsylvania Avenue, NW
    Washington, DC  20004
    Telephone:  (202) 662-5317

***Attorneys for Defendant InterMune, Inc.***


By: /s/ William M. Goodman
    William M. Goodman
    wgoodman@kasowitz.com
    Tania M. Mortensen
    tmortensen@kasowitz.com
    Kasowitz, Benson, Torres & Friedman
    101 California Street, Suite 2050
    San Francisco, CA  94111
    Telephone:  (415) 421-6140
    Facsimile:  (415) 398-5030

***Attorneys for Defendant W. Scott Harkonen***

By: /s/ Reed R. Kathrein
    Reed R. Kathrein
    reed@hbsslaw.com
    Hagens Berman Sobol Shapiro LLP
    715 Hearst Avenue, Suite 202
    Berkeley, CA  94710
    Telephone:  (510) 725-3000
    Facsimile:  (510) 725-3001

    Thomas M. Sobol
    tom@hbsslaw.com
    David S. Nalven
    davidn@hbsslaw.com
    Kristen Johnson Parker
    kristenjp@hbsslaw.com
    Hagens Berman Sobol Shapiro LLP
    One Main Street, Fourth Floor
    Cambridge, MA  02142
    Telephone:  (617) 482-3700
    Facsimile:  (617) 482-3003

    Steve W. Berman
    steve@hbsslaw.com
    Hagens Berman Sobol Shapiro LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone:  (206) 623-7292
    Facsimile:  (206) 623-0594

Case Nos. 3:08-cv-02376-MHP, 3:08-cv-02916-MHP, and 3:08-cv-3797-MHP
STIPULATION AND ORDER FOR THE INTERIM PRESERVATION
OF POTENTIALLY DISCOVERABLE INFORMATION

By: <u>Jeffrey G. Knowles</u>
Jeffrey G. Knowles (SBN 129754)
ef-jgk@cpdb.com
Conor P. Moore (SBN 230079)
ef-cpm@cpdb.com
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200
San Francisco, CA  94111-4213
Telephone:  (415) 391-4800
Facsimile:  (415) 989-1663

Gerson A. Zweifach (*pro hac vice*)
gzweifach@wc.com
Jessamyn S. Berniker (*pro hac vice*)
jberniker@wc.com
Richard S. Scott (*pro hac vice*)
rscott@wc.com
George W. Hicks, Jr. (*pro hac vice*)
ghicks@wc.com
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC  20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029

***Attorneys for Defendant Genentech, Inc***.

Lance A. Harke
lharke@harkeclasby.com
Harke & Clasby LLP
155 S. Miami Avenue, Suite 600
Miami, FL  33130
Telephone:  (305) 536-8220
Facsimile:  (305) 536-8229

Douglass A. Kreis
dkreis@aws-law.com
Aylstock, Witkin, Kreis & Overholtz
803 N. Palafox Street
Pensacola, FL  32501
Telephone:  (850) 916-7450
Facsimile:  (850) 916-7449

***Attorneys for Plaintiffs Deborah Jane Jarrett, Nancy Isenhower, and Jeffrey H. Frankel***

Kenneth A. Wexler
kaw@wexlerwallce.com
Jennifer Fountain Connolly (*pro hac vice*)
jfc@wexlerwallace.com
Amber M. Nesbitt (*pro hac vice*)
amn@wexlerwallace.com
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

***Attorneys for Plaintiff Linda K. Rybkoski***

9

| | |
|---|---|
| 1 | Kim E. Miller (CA Bar. No. 178370) |
|  | Kahn Gauthier Swick, LLC |
| 2 | 12 E. 41st Street, 12th Floor |
|  | New York, NY  10017 |
| 3 | Telephone:  (212) 696-3730 |
|  | Facsimile:  (504) 455-1498 |
| 4 | |
|  | Lewis S. Kahn |
| 5 | Kahn Gautier Swick, LLC |
|  | 650 Poydras Street, Suite 2150 |
| 6 | New Orleans, LA  70130 |
|  | Telephone:  (504) 455-1400 |
| 7 | Facsimile:  (504) 455-1498 |

Douglas R. Plymale
dplymale@dugan-lawfirm.com
James R. Dugan, II
jdugan@dugan-lawfirm.com
Justin Bloom
jbloom@gmail.com
Stephen B. Murray, Jr.
smurrayjr@murray-lawfirm.com
Stephen B. Murray, Sr.
smurray@murray-lawfirm.com
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181

*Attorneys for Plaintiff Zurich American Insurance Company*

DATED this 30th day of September, 2008.

IT IS SO ORDERED

Judge Marilyn H. Patel

Hon.
United ... e

10

Case Nos. 3:08-cv-02376-MHP, 3:08-cv-02916-MHP, and 3:08-cv-3797-MHP
STIPULATION AND ORDER FOR THE INTERIM PRESERVATION
OF POTENTIALLY DISCOVERABLE INFORMATION

**CERTIFICATE OF SERVICE**

I, Kristen Johnson Parker, hereby certify that I caused a copy of the foregoing *Stipulation and Order for the Interim Preservation of Potentially Discoverable Information* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system. Those attorneys not registered with the Court's electronic filing system will be served via electronic mail this 29th day of September, 2008.

Dated: September 29, 2008       By: /s/ Kristen Johnson Parker
                                Kristen Johnson Parker
                                Hagens Berman Sobol Shapiro LLP
                                One Main Street, Fourth Floor
                                Cambridge, MA  02142
                                Telephone:  (617) 482-3700
                                Facsimile:  (617) 482-3003
                                kristenjp@hbsslaw.com

Case Nos. 3:08-cv-02376-MHP, 3:08-cv-02916-MHP, and 3:08-cv-3797-MHP
STIPULATION AND ORDER FOR THE INTERIM PRESERVATION
OF POTENTIALLY DISCOVERABLE INFORMATION